IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ESPERANZA AND ERNESTO OCHOA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP-10-CV-00487-KC |
| US BANK AND NATIONAL ASSOCIATION, trustee for CSFB HEAT, et al., | § § § § § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant Beverly Mitrisin's Motion to Dismiss, ECF No. 3, and Defendants US Bank National Association ("US Bank") and Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Pursuant to Rule 12(b)(6), ECF No. 4. The Court finds that it lacks subject matter jurisdiction over the case because the parties are not completely diverse. For that reason, the Court remands the case to the 41st Judicial District Court of El Paso County, Texas.

I. BACKGROUND

On October 29, 2010, Plaintiffs filed their "Original Petition [to] Dismiss Foreclosure and Request for Disclosure" against US Bank, Wells Fargo, Accredited Home Lenders, Inc. ("AHL"), Thomas E. Black, Jr., and Beverly Mitrisin (collectively, "Defendants"). Notice of Removal Ex. B2 ("Complaint"), ECF No. 1-4. Plaintiffs' Complaint alleges improper notice of default of payment pursuant to Texas Property Code Section 51.002(d) and improper notice of sale of their property pursuant to Texas Property Code Section 51.002(b), and seeks injunctive relief. *Id.* at 4. On December 8, 2010, Defendant Beverly Mitrisin filed her Answer and denied that she was

liable in the capacity in which she was sued, pursuant to Texas Rule of Civil Procedure 93(2) and denied that she was a necessary party to the suit, pursuant to Texas Property Code Section 51.007. Notice of Removal Ex. B4, ECF No. 1-6.

On December 30, 2010, Defendants US Bank and Wells Fargo ("Removing Defendants") removed the case on the basis of diversity jurisdiction. Notice of Removal, ECF No. 1. Removing Defendants argued that for removal purposes non-diverse Defendants AHL, Black, and Mitrisin should be disregarded. *Id.* at 4. Removing Defendants stated that Defendants AHL and Thomas E. Black Jr. should be disregarded because: "(a) they have no stake in the controversy; (b) they have not been served; and/or (c) plaintiffs have no possibility of establishing a cause of action against these defendants." *Id.* Removing Defendants further argued that Defendant Beverly Mitrisin should be disregarded for diversity jurisdiction purposes because Plaintiffs did not allege a single fact about the foreclosure sale itself or of her conduct, that Mitrisin was only acting in her capacity as a substitute trustee, and thus Plaintiffs had no possibility of establishing a cause of action against her. *Id.* at 5.

On March 30, 2011, Removing Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. Dismiss. On March 7, 2011, Defendant Beverly Mitrisin filed a Motion to Dismiss pursuant to Texas Property Code Section 51.007(a), to which Plaintiff failed to object or file a timely verified response as required under subsection (c) of section 51.007. Def.'s Mot. Dismiss 1.

## II.     DISCUSSION

### A.     Standard

A defendant may remove a state cause of action to the federal district court if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). The district court is

required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). When a court sua sponte questions jurisdiction, the burden is on the party seeking to assert the district court's jurisdiction to prove such jurisdiction exists. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Even when no party objects to the subject matter jurisdiction, the Court must consider the issue on its own initiative to determine whether jurisdiction is proper. *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009).

**B.    Fraudulent Joinder**

Although Plaintiffs do not contest Removing Defendants' claim of removal jurisdiction, the Court sua sponte considers the jurisdictional question to evaluate whether it may reach the merits of the motions to dismiss. *See EEOC*, 555 F.3d at 467. Removing Defendants concede that Black and Mitrisin are not diverse, but argue that Defendants AHL, Black, and Mitrisin should be disregarded for the purpose of removal to federal court.[1] Notice of Removal 3-4. To disregard incompletely diverse parties, this Court must find that the joinder of the non-diverse defendants was improper. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against a non-diverse party in the state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). Defendant

---

[1] This Court will only address Defendant Mitrisin because if joinder against her is proper, diversity jurisdiction will be destroyed and this Court will not have jurisdiction over the case. *See Caterpilllar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

3

Mitrisin, a substitute trustee, is a citizen of Texas and her presence in this action, if proper, would destroy complete diversity because Plaintiffs are also citizens of Texas. Notice of Removal 3-4, 6; *see Caterpilllar*, 519 U.S. at 68. Since Removing Defendants have not alleged any fraud nor do they dispute the allegation that Mitrisin is a citizen of Texas, the Court considers the second prong of the test for fraudulent joinder.

In evaluating improper joinder under the second prong, courts conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, in a light most favorable to the plaintiff, the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. The party asserting improper joinder bears the burden of proving that there is no reasonable basis for recovery by the plaintiff against an in-state defendant. *Id.* Employing this analysis to evaluate the Complaint, the Court finds Plaintiffs' joinder of Mitrisin to be proper because Removing Defendants have not proven there is no possibility of establishing a cause of action against her. Therefore, Removing Defendants' assertion that Mitrisin should be disregarded for removal purposes fails.

### 1. Whether suit can be brought against a substitute trustee

Removing Defendants alleged that Mitrisin should be ignored for removal purposes because she was only acting in her capacity as a substitute trustee and therefore is not a proper party. Notice of Removal 5. Furthermore, Mitrisin states that she is not liable in the capacity in which she was sued pursuant to Texas Rule of Civil Procedure 93(2) and that she is not a necessary party to a suit pursuant to Texas Property Code Section 51.007. Answer 1-2. However, the Texas Property Code establishes that a trustee may be joined as a party to a suit, and this Court and other district courts in Texas have held that substitute trustees are proper parties. Tex. Prop. Code § 51.007(a); Order Remanding Cause to State Court 9, ECF No. 10, *Arredondo v. Mitrisin*, No.

3:10-cv-462-FM (W.D. Tex. Feb. 25, 2011) (finding that a substitute trustee was a proper party to a suit for wrongful foreclosure); *Marsh v. Wells Fargo Bank*, 760 F. Supp. 2d 701, 707-08 (N.D. Tex. 2011) (finding that substitute trustees can be proper parties in wrongful foreclosure suits). Removing Defendants have not overcome the weight of this authority and proven that Mitrisin was fraudulently joined. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996) (holding that the party invoking removal jurisdiction bears a heavy burden).

Furthermore, Texas Property Code Section 51.007 indicates that a trustee is a properly joined party in a foreclosure action. That section provides that in a foreclosure action a trustee "may plead" that he is not a "necessary party" and was "named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." Tex. Prop. Code § 51.007(a). If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice. Tex. Prop. Code § 51.007(c). This language does not require that a trustee sued in his official capacity remove himself from the action and does not explicitly allow any other defendant to raise the issue. Instead, the language of the statute makes it clear that the dismissal of a trustee is mandatory only when that trustee follows the procedure laid out in section 51.007. Indeed, prior decisions have found as much. *See* Order Remanding Cause to State Court 9, *Arredondo v. Mitrisin*, No. 3:10-cv-462-FM (W.D. Tex. Feb. 25, 2011) (finding that the Texas Property Code Section 51.007 does not establish that trustees are improper parties); *see also Marsh*, 760 F. Supp. 2d at 707 (finding that substitute trustees could not be dismissed because they did not follow the procedure laid out in Texas Property Code Section 51.007). By establishing that substitute trustees are not necessary

parties, but not making their dismissal mandatory without them first raising the issue, the Property Code implicitly acknowledges that substitute trustees are proper parties to an action such as this.

The weight of authority also indicates that Removing Defendants' argument is incorrect. This Court recently remanded a case to state court because it found substitute trustees were proper parties and their presence in the suit destroyed diversity jurisdiction. *See id.* at 14. Similarly, a district court in the Southern District of Texas found that a substitute trustee in a foreclosure suit was a proper party because Texas Property Code Section 51.007 did not bar recovery and she could have conceivably been liable under Texas law. *Johnson v. Ocwen Loan Servicing, LLC*, No. C-09-47, 2009 WL 2215103, at *3-4 (S.D. Tex. July 22, 2009). Also, in *Rodriguez v. Ocwen Loan Servicing LLC*, the Southern District of Texas found that Texas Property Code Section 51.007 and the fact that the substitute trustees were agents for one of the out of state defendants did not preclude a cause of action from being brought against them. No. C-07-471, 2008 WL 65405, at *4-6 (S.D. Tex. Jan. 4, 2008).

Finally, Removing Defendants argue that suit cannot be brought against Mitrisin because she is not a real party in interest. When invoking removal jurisdiction on the grounds of improper joinder, the removing party bears a heavy burden in establishing jurisdiction. *See Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751. Here, Removing Defendants rely on *Lincoln Property Co. v. Roche*, which states that courts can disregard a named party when it is not the real party in interest. Notice of Removal 4 (citing *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91-93 (2005)). However, aside from Removing Defendants' bare allegations, there is nothing to suggest that Mitrisin does not have a personal interest in the suit, which would be necessary to establish she is an improper party because she is not a real party in interest. *See* Tex. Prop. Code § 51.007(a); *Johnson*, 2009 WL 2215103, at *3-4. Thus, especially in light of the above authority, Removing

6

Defendants have not met their burden of showing that substitute trustees should be disregarded to create diversity jurisdiction.

## 2. Whether there is a possibility of recovery

In addition to asserting that Mitrisin was acting solely in her official capacity as a substitute trustee, Removing Defendants assert that Plaintiffs have no possibility of establishing a cause of action against Mitrisin because Plaintiffs did not state a single fact about the foreclosure sale in the Complaint. Notice of Removal 5. To succeed with this argument, Removing Defendants must prove there is no reasonable basis upon which the district court can predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 572; *Badon v. RJB Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2002).

Although Plaintiffs' Complaint is difficult to comprehend, the case appears to be, at its core, a suit for wrongful foreclosure of their home. Compl. 3-5. In Texas, before a foreclosure sale can be executed, the note holder must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d). Once these criteria have been satisfied, the note holder must give the debtor "notice of the sale . . . at least 21 days before the date of the sale." Tex. Prop. Code § 51.002(b). Plaintiffs' claim is based on the allegation that Defendants provided improper notice of sale pursuant to Texas Property Code Section 51.002(b) and improper notice of default pursuant to Texas Property Code Section 51.002(d). Compl. 4; *see Hyter v. Freemont Inv. & Loan*, No. 3-10-CV-1598, 2011 WL 1781940, at *1 (N.D. Tex. Mar. 29, 2011) (citing *Sky/RGS Prop., Ltd. v. First Nat'l Bank & Trust Co. of McAlester*, No. CIV.A.3:96-CV-1313-P, 1996 WL 707014 (N.D. Tex. Dec. 4, 1996)) (setting out the elements of wrongful foreclosure).

In determining whether a joinder is fraudulent, the district court evaluates all of the factual allegations in the light most favorable to the non-removing party, and therefore, this Court will assume Defendants provided improper notice of default and sale as alleged. *See Travis*, 326 F.3d at 648. But, a claim for wrongful foreclosure also requires that the property in question actually be sold at a foreclosure sale. *Allied Capital Corp v. Cravens*, 67 S.W.3d 486, 492 (Tex. App. 2002) (holding that in a suit for wrongful foreclosure, a foreclosure sale must have occurred). Although the Complaint does not allege facts about the foreclosure sale, in cases where a plaintiff has stated a claim, but "mistaken or omitted discrete facts that would determine the propriety of joinder," the district court may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Here, the Removing Defendants' Notice of Removal admits that foreclosure occurred in August 2010. Notice of Removal 5. Thus, the Court will consider this information because it identifies an undisputed fact that would permit Plaintiffs' recovery against the in-state Defendant. *See Smallwood*, 385 F.3d at 573. Therefore, the Court finds Plaintiffs have alleged improper notice and that a foreclosure sale occurred. Removing Defendants have not shown why Plaintiffs have no possibility of recovering against Mitrisin based on these allegations.

The Court finds that Removing Defendants have not proven that there is no possibility of recovery against Mitrisin, as the mere fact that Mitrisin is a substitute trustee does not preclude a wrongful foreclosure action from being brought against her, and Removing Defendants have not shown there is no possibility of recovery against her in this case. Resolving all doubts in favor of the non-removing parties, Mitrisin's joinder was proper and this Court does not have jurisdiction over this case. *See Willy*, 855 F.2d at 1164.

### C. Motions

Here, Mitrisin filed a motion to dismiss pursuant to Texas Property Code Section 51.007 and Removing Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Defs.' Mot.

Dismiss; Def.'s Mot. Dismiss. However, the Court cannot consider these motions because it does not have subject matter jurisdiction over the case. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007) (finding that the district court erred when it granted the plaintiff's motion to dismiss without first resolving its subject matter jurisdiction concerns). In light of the Court's disposition of this case, the Court does not consider the merits of these motions, but instead denies them as moot without prejudice to refiling them in state court.

### III. CONCLUSION

For the above reasons, this case should be remanded to state court. Accordingly, the Court enters the following orders:

1. The case shall be **REMANDED** to the 41st Judicial District Court of El Paso County, Texas.

2. All pending motions are **DENIED** as **MOOT**.

3. The District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** on this 27th day of June, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE